*E-Filed: November 21, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re* Ex Parte Application of | No. C13-80261-MISC LHK (HRL) |
| SOCIETE D'ETUDE DE REALISATION ET D'EXPLOITATION POUR LE TRAITEMENT DU MAIS | **ORDER GRANTING EX PARTE APPLICATION** |
| Applicant. | **[Re: Docket No. 1]** |
| _____/ | |

Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais ("Seretram") seeks an order to obtain discovery from Google, Inc. for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. As the result of an alleged fraud, Seretram transferred over 17 million euros to a bank account held by Oasis Tree Limited ("Oasis"), a British corporation whose sole director, manager, and shareholder is Claes Sebastian Strahle. When opening the bank account, Strahle listed a Google-maintained email account as his contact information. Seretram seeks information related to Strahle's "Gmail" account for use in criminal proceedings in France and the United Kingdom.

LEGAL STANDARD

Ex parte applications are appropriate for seeking discovery pursuant to § 1782. "[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. [S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Republic of*

*Ecuador*, 2010 WL 3702427, at \*3 (N.D. Cal. Sept. 15, 2010) (quoting *In re Letter of Request from Supreme Court,* 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (second alteration in original)).

Pursuant to § 1782, a district court may order a person residing within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). This statute may be invoked where (1) the discovery is sought from a person residing in the judicial district in which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. Thus, in addition to the statutory requirements, the Supreme Court has counseled that the following discretionary factors should considered: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65.

## DISCUSSION

### A. Statutory Requirements

Google resides in Mountain View, Santa Clara County, California, within the Northern District of California. The requested discovery is for use in two foreign criminal proceedings, one which is currently pending in France, and another anticipated criminal investigation in the United Kingdom. *See Matter of Application of O2CNI Co.*, No. C13-80125, 2013 WL 4442288, at \*6 (N.D. Cal., Aug. 15, 2013) ("[S]ection 1782(a) covers criminal investigations conducted before formal accusation."). As the alleged victim, Seretram is an "interested person." *Id.* ("[Applicant] as a victim and complainant is an interested party to the [foreign] criminal investigation."). Accordingly, the statutory factors of § 1782 are satisfied.

B. Discretionary Factors

"[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, at 264. Google is not a participant in the foreign proceedings, which weighs in Seretram's favor.

Seretram maintains that the requested discovery will help the authorities in the foreign criminal investigations. Moreover, it asserts that no policy in either France or the UK would cause them to reject U.S. court assistance, and the Court is unaware of any. *See In re Application of Guy*, No. M19-96, 2004 WL 1857580, at *2 (S.D.N.Y. Aug. 19, 2004) (allowing discovery where court found no reason to suppose that the government of the United Kingdom would disfavor granting applicants relief under § 1782); *In re Consellior SAS*, No. 13-MC-34, 2013 WL 5517925, at *3 (D. Conn. Oct. 2, 2013) (finding grant of § 1782 application appropriate where no indication that French court would not be receptive to requested material).

Seretram declares that it is not seeking to circumvent foreign limitations on discovery, and the Court has no reason to believe otherwise. The London High Court has already granted discovery related to the Oasis bank account, and it appears that information sought here would serve to supplement this discovery rather than undermine any discovery restrictions imposed by foreign tribunals.

Finally, Seretram's proposed discovery request is narrowly tailored so as not be unduly burdensome. The proposed subpoena seeks only the following information for a single Gmail account: (a) accountholder or subscriber information, including name, creation date, phone numbers or email addresses; (b) IP addresses from which the account was accessed, as well as time stamps indicating when the account was accessed; and (c) billing information. Such information seems likely to be easily accessible for production by Google.

On the whole, the discretionary factors weigh in favor of allowing the requested discovery. Accordingly, Seretram's application for discovery pursuant to 28 U.S.C. § 1782 is granted. However, in granting leave to serve the subpoena attached to its application, the Court does not intend to foreclose any valid objections that may be raised with respect to the information sought.

**IT IS SO ORDERED.**

Dated: November 21, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-80261-MISC Notice will be electronically mailed to:**

Michael Lacovara    michael.lacovara@freshfields.com, richard.rodriguez@freshfields.com, suzanne.alenick@freshfields.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**